## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**SHERRY VERCHICK,**

       **Plaintiff,**                       **CASE NO.**

**vs.**                                         **JURY TRIAL DEMANDED**

**DCN HOLDINGS, INC., d/b/a**
**ACCOUNTS RECEIVABLE,**

       **Defendant.**

_____/

## COMPLAINT

Plaintiff, Sherry Verchick ("Plaintiff"), alleges the following Complaint against Defendant, DCN Holdings, Inc., d/b/a Accounts Receivable ("Defendant"):

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.*

## PARTIES

2.      Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692a(3).

3.      Defendant is a company with its principal place of business in Florida.  Defendant has a registered agent located in the State of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

4.      Defendant is a "person" subject to regulation under Fla. Stat. § 559.72 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) for the

FDCPA claim , and should exercise supplemental jurisdiction over the state FCCPA claims

pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same

case or controversy.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts

giving rise to this action occurred in this District.

### FACTUAL ALLEGATIONS

7.      On May 12, 2015, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail,

an initial collection letter attempting to collect a debt or financial obligation incurred by Plaintiff for

primarily personal, family or household purposes (hereinafter the "Debt Collection Letter") and

Plaintiff received it shortly thereafter.  A copy of the Debt Collection Letter is attached hereto as

**Exhibit A**.

8.      The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C.

§ 1692a(2).

9.      In the Subject Letter, Defendant stated, in the top right corner:  "Dermaset vs.

Sherry Verchick" and directly below, "**ENFORCEMENT**".

10.     Defendant intentionally included this language within its letter suggesting to

Plaintiff that legal proceedings were ongoing.

11.     On June 2, 2015, well within her thirty (30) day right to dispute the debt, Plaintiff

sent Defendant, via certified mail, a letter disputing the debt.  A copy of this dispute letter is

attached as **Exhibit B.**

12.     Defendant received Plaintiff's dispute letter on June 5, 2015, as evidenced by the return signature on the certified mail slip.  A copy of the certified return slip is attached as **Exhibit C**.

13.     On June 10, 2015, less than thirty (30) days after Defendant sent Plaintiff its first initial letter, and completely disregarding Plaintiff's dispute letter, Defendant sent Plaintiff another debt collection letter attempting to collect the subject debt.  A copy of Defendant's second debt collection letter is attached as **Exhibit D**.

14.      Further, Defendant's second debt collection letter states, in pertinent part: "Arrangements must be made immediately to avoid credit bureau reporting to the three major credit reporting agencies for up to seven years."

15.     This statement suggests to an unsophisticated consumer that once Defendant submits the negative credit report, the tradeline will stay on there for up to 7 years from the time Defendant reports it.

16.     That fact scenario will always be false.  The negative credit tradeline can only remain on the credit report for up to seven (7) years from ***the date of delinquency.***

17.      An unsophisticated consumer would read this and think if Defendant submits this on her credit, it will stay there for up to seven (7) years from when Defendant submits it.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. 1692 § *et seq.*

18.     Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though stated fully herein.

19.     The foregoing act of Defendant constitutes a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(8), and 1692e(10), 1692e(13), and 1692g(b).

20.     As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k,

Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys'

fees and costs.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

21.     Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as

though fully stated herein.

22.     The foregoing acts and omissions of Defendant constitute violations of the FCCPA

including, but not limited to:

      a.     Fla. Stat. 559.72(10): Use a communication that simulates any manner legal process…

23.     As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77

Plaintiff is entitled to statutory damages in an amount up to $1,000.00 for each violation of the

FCCPA, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such

further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**DISPARTI FOWKES & HASANBASIC, P.A.**

**Date: July 23, 2015**

   _/s/ Jon Dubbeld_____
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
Jon Dubbeld, Esq.

-4-

jdubbeld@dispartilaw.com
Fla. Bar No. 105869
2154 Duck Slough Blvd. Suite 101
Trinity, Florida 34655
(813) 221-0500
(727) 943-3203 (Facsimile)